IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED MOHAMMED, Plaintiff, v. CHICAGOLAND COMMISSARY, LLC, doing business as Dunkin' Donuts, Defendant. | No. 16 CV 04084<br>Chicago, Illinois<br>July 26, 2016<br>9:29 a.m. |

# TRANSCRIPT OF PROCEEDINGS

BEFORE THE HONORABLE HARRY D. LEINENWEBER

APPEARANCES:

| | |
|---|---|
| For the Plaintiff: | GOODMAN TOVROV HARDY & JOHNSON, LLC<br>BY: MR. WESLEY E. JOHNSON<br>105 West Madison Street<br>Suite 1500<br>Chicago, Illinois 60602<br>(312) 752-4828<br>wjohnson@goodtov.com |
| For the Defendant: | LAW OFFICES OF MICHAEL LEE TINAGLIA, LTD.<br>BY: MS. J. MOLLY WRETZKY<br>444 North Northwest Highway<br>Suite 350<br>Park Ridge, Illinois 60068<br>(847) 692-0421<br>jmwretzky@gmail.com |
| Court Reporter: | Judith A. Walsh, CSR, RDR, CRC, FCRR<br>Official Court Reporter<br>219 South Dearborn Street, Room 1944<br>Chicago, Illinois 60604<br>(312) 702-8865<br>judith_walsh@ilnd.uscourts.gov |

(Proceedings heard in open court:)

THE CLERK: 16 C 4084, Mohammed versus Chicagoland.

THE COURT: Good morning.

MR. JOHNSON: Good morning, your Honor. Wes Johnson for the plaintiff, Ahmed Mohammed.

MS. WRETZKY: Molly Wretzky on behalf of the defendants, your Honor.

THE COURT: All right. The plaintiff is employed by the defendant, a Dunkin' Donuts franchisee, at its location at Grand and Ashland Avenue in Chicago. This particular store is open 24 hours a day, seven days a week.

Plaintiff was a shift leader which -- who was scheduled to work on most days from 8:00 p.m. until 6:00 a.m. Because he worked long hours, he frequently worked between 60 and 70 hours per week. His duties involved manning the cash register, serving coffee and doughnuts, cleaning, and other maintenance. Despite his long hours, he was paid for only 40 hours per week and received no overtime or any pay for the excess hours over 40.

Plaintiff has brought suit against defendant in five counts: Count 1, violation of the Fair Labor Standards Act for unpaid minimum wages and overtime; Count 2, violation of Illinois Minimum Wage Law; Count 3, violation of the Illinois Wage Payment and Collection Act; Count 4, violation of the Chicago minimum wage ordinance; Count 5, breach of contract.

Defendant has moved to dismiss pursuant to 12(b)(6). It contends that Counts 1 and 2 are limited to a maximum time period of two years -- three if willful -- and plaintiff is seeking recovery for a seven-year period. Defendant contends that plaintiff fails to state a claim in Count 3 because he failed to allege that he had a contract of employment.

Defendant contends that in Count 4, plaintiff is claiming four times his unpaid wages, and the Chicago ordinance does not provide for that. Defendant claims, finally, in Count 5 that it is preempted by the FLSA.

Counts 1 and 2: With respect to 1 and 2, plaintiff responds by arguing that the statute of limitations is an affirmative defense and it does not appear beyond a doubt that the defense is "impenetrable" because there may well be equitable tolling. Plaintiff is correct. While he is limited to two years' back pay -- three if willful -- from the date of the filing of the lawsuit, if plaintiff can establish some basis for excusable delay such as equitable estoppel, the filing date of the lawsuit could possibly be pushed back.

While it is a long shot, if defendant was able to convince plaintiff to work 70 hours for 40 hours' pay, it is not beyond the realm of the possible that plaintiff could have been convinced not to file a lawsuit. The validity of the affirmative defense is better left to summary judgment. The motion is denied.

Count 3: Defendant claims that plaintiff has failed to allege a claim under the Illinois Wage Payment and Collections Act because plaintiff has failed to allege the existence of an employment agreement. However, in Paragraph 45 under Count 5, plaintiff clearly alleges that he was paid at a specific hourly rate of 7.75 per hour in 2009 up to 9.75 per hour in 2016.

While the complaint does not state the type of contract -- he was most surely an at-will employee -- such relationship is contractual; that is, the employee agrees to work for an hour and the employer agrees to pay for that hour of work. "An employee at-will is a contractual relationship, one which entitles the employee to all wages and other benefits that he has earned." See *Colosi versus Electri-Flex Company*. He can recover them under the IWPC. See *Harrell versus United States*. The motion to dismiss Count 3 is denied.

Count 4: The motion to dismiss Count 4 is based on what appears to be a misreading of the Chicago minimum wage ordinance on the part of plaintiff. He acknowledges in his response that he is only entitled to his underpayment times two. The motion as to Count 4 is denied as moot.

Count 5: Plaintiff bases its motion to dismiss Count 5, breach of contract, on its contention that the breach of contract count is preempted by the FLSA. The defendant cites

*Anderson versus Sara Lee*, Fourth Circuit, for the proposition that the state law is preempted if, under the circumstances of a particular case, the state law would stand as "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

In that case, the basis for the plaintiff's state claim of breach of contract was that the employer failed to pay overtime as required by the FLSA; but as the court pointed out, the class members do not contend, however, that any North Carolina law entitles him to unpaid wages. Rather, they rely on the FLSA for their rights, and they invoke state law only as to source of remedies for the alleged FLSA violations.

Here, plaintiff is claiming that he had an employment agreement with defendant for payment of wages which defendant did not honor. Under these circumstances, the breach of contract claim would not be preempted because his claim is for a wage rate which was agreed upon, not one mandated by the FLSA. Accordingly, the motion to dismiss Count 5 is denied.

In summary, the motions to dismiss Counts 1 and 2 is denied. Count 3 is dismissed as moot -- excuse me. Count 3 is denied. Count 4 is dismissed as moot. And the motion to dismiss Count 5 is denied.

MS. WRETZKY: Thank you, your Honor.

THE COURT: All right. While you're here, what about discovery?

MR. JOHNSON: We're certainly in favor of it. We haven't exchanged anything. They have indicated a willingness, once this motion was resolved, to immediately -- to provide us with the documents. Obviously, they have most of the documents.

We have a random sampling of documents that are generated typically for an employee, and we'll certainly turn those over in due course but, obviously, their documents are going to be the documents that control the case. I think we both agree that this is a case about the documents. I don't know if there's any kind of --

THE COURT: Why don't you exchange documents and see if you can't settle it.

MS. WRETZKY: Sounds good, your Honor.

THE COURT: Maybe come back in 30 days.

MS. WRETZKY: With an answer on file?

THE CLERK: August 30th at 9:00.

MS. WRETZKY: Thank you.

MR. JOHNSON: Thank you, your Honor.

(Proceedings adjourned at 9:35 a.m.)

C E R T I F I C A T E

I, Judith A. Walsh, do hereby certify that the foregoing is a complete, true, and accurate transcript of the proceedings had in the above-entitled case before the Honorable HARRY D. LEINENWEBER, one of the judges of said Court, at Chicago, Illinois, on July 26, 2016.

*/s/ Judith A. Walsh, CSR, RDR, CRC, F/CRR* August 17, 2016

Official Court Reporter
United States District Court
Northern District of Illinois
Eastern Division